Travers, J.
BACKGROUND
On July 19, 1993, a jury awarded damages to the plaintiff, William C. Plouffe (“Plouffe”), against defendants Kevin West (“West”) and Ivonne Lutes (“Lutes”).[2] On December 1, 1993, this court (Forte, J.) allowed the defendants’, West and Lutes, motion for a judgment notwithstanding the verdict pursuant to Mass.R.Civ.P. 50(b).[3] On December 30, 1993, Plouffe moved for written findings concerning the entry of the judgment notwithstanding the verdict and filed a timely notice of appeal. On February 3, 1994, Plouffe filed a motion to extend the time to prosecute the appeal stating that without the judge’s written findings he had no way to ascertain whether a transcript would be necessary.
Before acting upon either motion, Judge Forte retired from the bench. As such, the motions entered a state of limbo until finally being assigned to judge Donohue. On December 7, 1994, this court (Donohue, J.) denied the request for written findings, but allowed the extension of time to prosecute appeal.[4] Plouffe’s counsel then waited until January 17, 1995, before attempting to determine if a transcript would be necessary, and has since then made numerous telephone inquiries and sent letters in an attempt to obtain such transcript.[5] On August 31, 1995, defendants, West and Lutes, filed a motion to dismiss Plouffe’s appeal.
DISCUSSION
Mass. R.A.P. 10(c) authorizes this court to dismiss an appeal if an appellant fails to comply with Mass. R.A.P. 9(c) or 10(a)(1) or (3). The defendants allege that Plouffe failed to comply with Mass. R.A.P. 8(b)(1). Mass. R.A.P. 3(a) states, in pertinent part: “(f]ailure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal (emphasis supplied).” “Appellate court,” as defined by Mass. R.A.P. 1(c), does not include this court. As such, while this court still has certain jurisdiction of this matter, the relief the defendants seek appears to be beyond this court’s jurisdiction. Nonetheless, this court feels it appropriate to help resolve several procedural issues that are likely to arise.
Defendants, West and Lutes, argue that Plouffe has failed to comply with Mass. R.A.P. 8(b)(1) which states “Within ten days after filing the notice of appeal the appellant shall order from the court reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.” (Emphasis supplied.) It is apparent that Plouffe originally thought a transcript would not be necessary and delayed in ordering a transcript until written findings were made by this court. In fact, Plouffe’s motion for extension of time to prosecute appeal stated, as the major justification, that he first needed to view the written findings by this court.
On December 7, 1994, this court (Donohue, J.) denied Plouffe’s request for written findings and extended the time to prosecute the appeal by thirty days. While Plouffe did, in fact, wait until January 17, 1995, before starting his attempt to obtain the transcript, given the history of this case, this court does not find that factor determinative.
In accordance with Mass. R.A.P. 8(b)(1), the appellant is bound to notify the appellee if the entire transcript is not to be included In the record. While Plouffe appears to have exceeded the thirty-day extension granted by this court (Donohue, J.), he did send notice to the defendants on January 17, 1995. Mass. R.A.P. 8(b)(1) then states, “[i]f appellee deems a transcript of other parts of the proceedings to be necessary he shall, within 10 days after the service of the statement of the appellant, file and serve on the appellant a designation *493 of additional parts to be Included.” Defendants’ counsel responded to Plouffe’s inquiry on March 3, 1995, well outside the ten-day period set forth in Mass. R.A.P. 8(b)(1). Based on the procedural history of this matter, even if this court had jurisdiction to dismiss plaintiffs appeal, this court does not feel that dismissal is proper at this time.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants, West and Lutes, motion to dismiss plaintiffs appeal be DENIED. In addition, it is hereby ORDERED that plaintiff has two weeks from the date of this order to file a motion to compel the presence of the court reporter before this court. Such motion shall be heard on either November 24, 1995 or December 1, 1995, the specific date to be selected by counsel, after ascertaining that the reporter will be available.

The juiy dismissed the complaints against the Town of Clinton and Mark Laverdure, the other two defendants.

The court (Forte, J.) also entered a judgment notwithstanding the verdict in favor of the Town of Clinton, which appears to be of no relevance as the jury had already dismissed the charges.

Plouffe sought a thirty-day extension from the time the written findings were received. For purposes of this motion, this court will assume Plouffe was given a thirty-day extension.

Plouffe’s counsel wrote a letter to the defendants’ counsel onJanuary 17, 1995, trying to ascertain whether a transcript would be necessary. On March 3, 1995, defendants’ counsel responded that a transcript would be necessary. Since that time, Plouffe’s counsel has called the Court Reporter’s Office several times and has sent letters dated April 21, 1995, May 4, 1995, and June 12, 1995 in an attempt'to obtain the transcript.